# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **ARCHIE L. WOODEN,** | ) | **CASE NO. 5:14 CV1290** |
| | ) | |
| **Petitioner** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **WARDEN, SOUTHERN OHIO** | ) | **AND ORDER** |
| **CORRECTIONAL FACILITY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## INTRODUCTION

On June 11, 2014, p*ro se* petitioner Archie L. Wooden filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against the Warden at Southern Ohio Correctional Facility.[1] The Petition challenges petitioner's conviction and sentence entered in the Summit County Court of Common Pleas and affirmed by the Ohio 9th District Court of Appeals.  Petitioner seeks immediate release.

On July 11, 2014, petitioner filed a document entitled "Complaint" which appears to

---

[1]  The Petition was originally filed in the United States District Court for the Southern District of Ohio, Case No. 1:14CV0484, but  transferred to this Court because Petitioner was convicted in Summit County.

challenge his prison conditions as well as his conviction.  The Complaint seeks declaratory relief, compensatory damages, punitive damages, and a jury trial.

### FACTS

In 2007, petitioner was convicted in the Summit County Court of Common Pleas of one count of murder, one count of felonious assault, and two counts of endangering children.  Petitioner appealed to the Ohio 9th District Court of Appeals which affirmed the conviction on July 23, 2008.  *State v. Wooden*, 2008 WL 2814346 (Ohio App. 9th Dist. 2008).  Petitioner did not appeal to the Ohio Supreme Court.

This matter is now before the Court upon *sua sponte* review pursuant to 28 U.S.C. § 1915(e)(2).

### STANDARD OF REVIEW

Federal habeas corpus review under 28 U.S.C. § 2254 is available to a person in custody pursuant to a state court judgment if he is being held in violation of the Constitution or laws of the United States. *See* 28 U.S.C. §2254(a).  Even when a state prisoner challenges something other than his underlying state conviction, section 2254 is the exclusive vehicle through which that prisoner may challenge the execution or manner in which his sentence is served.  *See Rittenberry v. Morgan*, 468 F.3d 331, 333 (6th Cir. 2006).

### DISCUSSION

Under the AEDPA, petitioner had one year from the judgment of the state court to file his Petition.  The limitation period runs "from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The Ohio 9th District Court of Appeals affirmed petitioner's conviction on

July 23, 2008.  Petitioner had 45 days to then file his notice of appeal to the Ohio Supreme Court. S.Ct.Prac.R.7.01(A)(1)(a).  Petitioner never appealed the court of appeals decision to the Ohio Supreme Court. Therefore, petitioner's judgment became final on September 6, 2008. Consequently, the Petition was due on September 6, 2009.  The Petition was not filed until June 11, 2014. Clearly, the Petition was filed more than one year after the expiration of the time period for filing a timely appeal with the Ohio Supreme Court and it is untimely under the AEDPA.

While petitioner could have filed a motion for delayed appeal in the Ohio Supreme Court which imposes no time limit for such filing, S.Ct. Prac.R. 7.01(A)(4)(a), the Sixth Circuit has clearly stated that a petitioner cannot indefinitely delay the running of the AEDPA statute of limitations by filing a delayed appeal.  *Anderson v. Brunsman,* - Fed.Appx.- , 2014 WL 1388837 (6th Cir. April 10, 2014) (citing *Searcy v. Carter,* 246 F.3d 515 (6th Cir. 2001) )("[W]here a habeas petitioner fails to timely seek review of a state appellate court decision, the conviction is final when the time period for filing that appeal expires. [T]o delay the commencement of the running of the statute of limitations until the resolution of a motion for delayed appeal, which can be filed years after conviction, would effectively eviscerate the AEDPA's statute of limitations."); *Applegarth v. Warden North Central Correctional Institution,* 377 Fed.Appx. 448 (6th Cir. 2010) ("[A] motion for delayed appeal can only toll the limitations period, rather than push out the date on which the period first begins to run. Otherwise the petitioner could indefinitely delay the running of the statute of limitations in a federal habeas action by filing a delayed appeal in state court.")

For these reasons, the Petition is dismissed as untimely.

To the extent Wooden's "Complaint" challenges the conditions of his confinement, he cannot raise these claims in a habeas petition.  The proper mechanism for a state prisoner to challenge the

conditions of his incarceration is a civil rights action under 42 U.S.C. § 1983.  *Preiser v. Rodriguez*, 411 U.S. 475, 499(1973).

### CONCLUSION

Based on the foregoing, Petitioner's Motion to Proceed *In Forma Pauperis* is **granted** (Doc. No. 7), Motion for Appointment of Counsel is denied as **moot** (Doc. No. 8), and the Petition is dismissed as untimely under the AEDPA. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. FED. R. APP. P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

      /s/Patricia A. Gaughan
      PATRICIA A. GAUGHAN
Date:   7/31/14          UNITED STATES DISTRICT JUDGE